**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| KATHLEEN JARRELL, | : | |
| 19471 Bear Swamp Road | : | |
| Marysville, Ohio 43040 | : | |
| | : | |
| | : | CASE NO.: |
| | : | |
| Plaintiff, | : | JUDGE: |
| | : | |
| V. | : | |
| | : | |
| GRANITE INLINER, LLC, | : | **COMPLAINT WITH JURY** |
| c/o CT Corporation System | : | **DEMAND** |
| 4400 Easton Commons Way | : | |
| Suite 125 | : | |
| Columbus, Ohio 43219 | : | |
| | : | |
| And | : | |
| | : | |
| LAYNE CHRISTENSEN COMPANY, | : | |
| c/o CT Corporation System | : | |
| 4400 Easton Commons Way | : | |
| Suite 125 | : | |
| Columbus, Ohio 43219 | : | |
| | : | |
| Defendants. | : | |

**COMPLAINT**

Now comes Plaintiff Kathleen Jarrell, by and through counsel, and for her Complaint against Defendants Granite Inliner, LLC and Layne Christensen Company, hereby states as follows:

**PARTIES**

1. Plaintiff Kathleen Jarrell is an individual residing in Union County, Ohio and was at all times relevant herein an employee of Defendants Granite Inliner, LLC and Layne Christensen Company.

2. Defendant Granite Inliner, LLC is, and was at all times relevant herein, a foreign limited liability company, registered in the State of Ohio, in good standing and, is authorized to and is transacting business in the State of Ohio, particularly Franklin County.

3. Defendant Layne Christensen Company is, and was at all times relevant herein, a foreign corporation, registered in the State of Ohio, in good standing and, is authorized to and is transacting business in the State of Ohio, particularly Franklin County.

4. Plaintiff is an employee as that term is defined by Title VII of the Civil Rights Act of 1964 42 U.S. Code § 2000e, Ohio Revised Code Chapter 4112, and 29 U.S.C. § 201 et seq.

5. Defendants Granite Inliner, LLC and Layne Christensen Company are employer(s) as defined by Title VII of the Civil Rights Act of 1964 42 U.S. Code § 2000e, Ohio Revised Code Chapter 4112, and 29 U.S.C. § 201 et seq.

## JURISDICTION AND VENUE

1. Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as if fully rewritten herein.

2. Jurisdiction over this action is conferred pursuant to 28 U.S.C. §1331 because the action arises under the laws of the United States, and supplemental jurisdiction over Plaintiff's state law claims arises under 28 U.S.C. §1367.

3. Venue is proper in the United States District Court for the Southern District of Ohio, Eastern Division, pursuant to 28 U.S.C. §1391(b) and Southern District Civil Rule 82.1 because a substantial part of the events or omissions giving rise to the claims occurred within the Southern District of Ohio.

4. Plaintiff brings this action for damages arising out of acts and/or omissions of the Defendants Granite Inliner, LLC and Layne Christensen Company constituting unlawful

discrimination based on Plaintiff's sex in violation of Title VII of the Civil Rights Act of 1964, Ohio Revised Code Chapter 4112, and the Equal Pay Act of 1963; and, unlawful retaliation that arises under the oppositional clause of Title VII of the Civil Rights Act of 1964 and Ohio Revised Code Chapter 4112; which acts and/or omissions have resulted in economic and emotional damages to Plaintiff.

5.  Plaintiff has complied with all jurisdictional prerequisites to the filing of this lawsuit and this Complaint is filed within ninety (90) days of Plaintiff's receipt of her Right to Sue letter from the Equal Employment Opportunity Commission, a copy of which is attached as Exhibit A.

## GENERAL ALLEGATIONS

6.  Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as if fully rewritten herein.

7.  Defendant Granite Inliner, LLC and Defendant Layne Christensen Company (collectively, "Defendants Granite") each employ more than fifteen (15) employees.

8.  Plaintiff is a female and, is therefore, a member of a protected class based upon her sex.

9.  Defendants Granite and/or its predecessors, employed Plaintiff for a total of twenty-eight years.

10. Throughout her lengthy career, her performance was always excellent.

11. As a result, Defendants Granite promoted Plaintiff to Branch Manager. She held this position for eighteen (18) years without incidence.

12. Plaintiff's performance evaluations were always "meets" or "exceeds" expectations.

3

13. Despite Plaintiff being titled as a Branch Manager and paid at the Branch Manager rate, Plaintiff performed equal work that required equal skill, effort, and responsibility as many male District Managers, who were paid at a higher rate. For example, she participated in District Manager Meetings and, she reported directly to the Executive Vice President like other District Managers.

14. Plaintiff managed 6 crews, a Wetout facility, and a Mechanic Shop. In contrast, Tommy Schulz, a District Manager, supervised only one Branch, two crews, and one Mechanic Shop.

15. Upon information and belief, Mr. Schulz earned more than Plaintiff.

16. Beginning in 2016, David Picard, then a Processing Manager for Granite, started sending Plaintiff sexually explicit messages and photos.

17. Overtime, Mr. Picard's sexual harassment escalated, at times being physical. He began making unwelcome sexual advances towards Plaintiff.

18. Plaintiff demanded Mr. Picard stop, but he did not.

19. On September 8, 2017, Plaintiff reported Mr. Picard's sexual harassment to Defendants Granite.

20. Defendants Granite refused to terminate Mr. Picard and, instead, only issued him a warning and demanded he participate in Defendants Granite's Employee Assistance Program ("EAP").

21. Mr. Picard failed to participate in the EAP program and continued to sexually harass Plaintiff.

22. Following Plaintiff's complaint to Defendants Granite, Mr. Picard retaliated against Plaintiff by filing and encouraging others to file false complaints to human resources about Plaintiff.

23. Plaintiff again complained to Defendants Granite's Larry Purlee, former president for Defendants Granite, and Denise McClanahan, Defendants' Vice President, regarding Mr. Picard's sexual harassment, sexual advances, and retaliation, including complaining that she no longer felt safe working with Mr. Picard.

24. Defendants Granite failed to take remedial action.

25. Mr. Picard continued his sexual harassment and advances. Specifically, Mr. Picard texted her that he loved her and, he asked if Plaintiff's husband had died yet.

26. Plaintiff again reported Mr. Picard's harassment and retaliation to Defendants Granite and, Defendants Granite again took no remedial actions to stop the harassment and retaliation.

27. In August 2018, Mr. Picard's harassment escalated. He stormed into Defendants Granite's office cursing and screaming obscenities about Plaintiff's son. His actions were in retaliation for Plaintiff's continuous complaints regarding his behavior and denials of his sexual advances.

28. Following his outburst, Mr. Picard resigned that weekend.

29. Thereafter, Mr. Picard continued to visit Defendants Granite premises without recourse from Defendants Granite.

30. Upon information and belief, Mr. Picard continued to encourage Defendants Granite's other employees to make false complaints against Plaintiff, further harassing and retaliating against her.

5

31. On February 21, 2019, Plaintiff complained to Defendants Granite about the continued harassment. Defendants Granite told her to "let it go."

32. On February 27, 2019, Defendants Granite terminated Plaintiff, purportedly for failing to meet expectations set out by Defendants Granite six (6) days earlier, on February 21, 2019. However, no such expectations were communicated to Plaintiff on February 1, 2019.

33. Plaintiff filed a charge for sex discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") on December 19, 2019.

34. Plaintiff amended her charge to add Granite Inliner, LLC as an employer on May 14, 2020.

35. Plaintiff received a Notice of Right to Sue letter from the EEOC on November 19, 2020. See Exhibit A.

## COUNT I
## SEX DISCRIMINATION IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

36. Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as if fully rewritten herein.

37. Pursuant to 2000e-2, Plaintiff is entitled to protection from discrimination because of and/or on the basis of her sex.

38. At certain, if not all relevant times herein, Plaintiff received positive performance evaluations and commendation from her supervisors and other members of management, and was at all times qualified for her position.

39. Plaintiff was subjected to unwelcome harassment.

40. The harassment was based on her sex as the subject of the harassment was sexual in nature.

41. The harassment unreasonably interfered with Plaintiff's work performance. Plaintiff became stressed, fearful, and anxious while at work.

42. Plaintiff reported the harassment to Defendants Granite and, Defendants Granite failed to implement prompt and appropriate corrective actions.

43. The harassment was both severe and pervasive.

44. Defendants Granite paid Plaintiff less than male employees for equal work on jobs the performance of which require equal work, skill, effort, and responsibility.

45. Based upon her sex, Defendants Granite discriminated against Plaintiff and subjected her to several adverse employment actions, including but not limited to subjecting her to a hostile work environment, terminating her employment, and paying her less than male employees.

46. Defendants Granite treated Plaintiff less favorably than similarly situated male employees.

47. Defendants Granite cannot proffer a legitimate, nondiscriminatory justification for subjecting Plaintiff to this adverse employment action.

48. As a result, Defendants Granite violated 42 U.S.C. 2000e, et seq., which prohibits discrimination against employees because of and/or on the basis of their sex.

49. As a direct and proximate result of Defendants Granite's discriminatory action, Plaintiff continues to incur damages and expenses, including but not limited to loss of income, benefits and other compensatory damages.

50. Each and every discriminatory action and omission complained of herein was intentional, motivated by malice and ill will and/or done with reckless disregard of Plaintiff's rights, thereby entitling Plaintiff to recover punitive damages and attorney fees.

**COUNT II**
**SEX DISCRIMINATION IN VIOLATION OF**
**OHIO REVISED CODE CHAPTER 4112**

51. Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as if fully rewritten herein.

52. Defendants Granite each employ four (4) or more employees within the State of Ohio; therefore, Defendants Granite are an "employer" pursuant to R.C. § 4112.01(A)(2).

53. At all relevant times herein, Defendants Granite employed Plaintiff; therefore, Plaintiff is an "employee" pursuant to R.C. § 4112.01(A)(3).

54. Plaintiff is female; therefore, she is a member of a protected class.

55. Pursuant to R.C. §§ 4112.02(A) and 4112.99, Plaintiff is entitled to protection from discrimination because of and on the basis of her sex.

56. At certain, if not all relevant times herein, Plaintiff received positive performance evaluations and commendation from her supervisors and other members of management, and was at all times qualified for her position.

57. Plaintiff was subjected to unwelcome harassment.

58. The harassment was based on her sex as the subject of the harassment was sexual in nature.

59. The harassment unreasonably interfered with Plaintiff's work performance. Plaintiff became stressed, fearful, and anxious while at work.

60. Plaintiff reported the harassment to Defendants Granite and, Defendants Granite failed to implement prompt and appropriate corrective actions.

61. The harassment was both severe and pervasive.

8

62. Defendants Granite paid Plaintiff less than male employees for equal work on jobs the performance of which require equal work, skill, effort, and responsibility.

63. Based upon her sex, Defendants Granite discriminated against Plaintiff and subjected her to several adverse employment actions, including but not limited to subjecting her to a hostile work environment, terminating her employment, and paying her less than male employees.

64. Defendants Granite treated Plaintiff less favorably than similarly situated male employees.

65. Defendants Granite cannot proffer a legitimate, nondiscriminatory justification for subjecting Plaintiff to this adverse employment action.

66. As a result, Defendants Granite violated Ohio Revised Code Chapter 4112, et seq., which prohibits discrimination against employees because of and/or on the basis of their sex.

67. As a direct and proximate result of Defendants Granite's discriminatory action, Plaintiff continues to incur damages and expenses, including but not limited to loss of income, benefits and other compensatory damages.

68. Each and every discriminatory action and omission complained of herein was intentional, motivated by malice and ill will and/or done with reckless disregard of Plaintiff's rights, thereby entitling Plaintiff to recover punitive damages and attorney fees.

### COUNT III
### SEX DISCRIMINATION IN VIOLATION OF
### 29 U.S.C. § 206(d)

69. Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as if fully rewritten herein.

70. Pursuant to 29 U.S.C. § 206(d), Plaintiff is entitled to protection from discrimination because of and on the basis of her sex.

71. Defendants Granite paid Plaintiff less than other male employees, including but not limited to Mr. Schulz, for equal work on jobs the performance of which require equal work, skill, effort, and responsibility.

72. As a result, Defendants Granite violated 29 U.S.C. § 206(d), which prohibits discrimination against employees because of and/or on the basis of their sex.

73. Defendants Granite did not pay the male employees more than Plaintiff because of a seniority system, merit system, a system which measures earnings by quantity or quality of production, or any other factor for that matter.

74. Plaintiff was a long tenured employee with an excellence performance record. Plaintiff was also responsible for her branch exceeding its financial goals by tripling its profit in 2017.

75. Defendants Granite's actions were willful.

76. As a direct and proximate result of Defendants Granite's discriminatory action, Plaintiff continues to incur damages and expenses, including but not limited to loss of income, benefits and other compensatory damages.

77. Each and every discriminatory action and omission complained of herein was intentional, motivated by malice and ill will and/or done with reckless disregard of Plaintiff's rights, thereby entitling Plaintiff to recover punitive damages, attorney fees, and liquidated damages.

**COUNT IV**
**RETALIATION IN VIOLATION OF**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

78. Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as if fully rewritten herein.

79. Pursuant to 42 U.S.C. 2000e-3, Plaintiff is entitled to protection from retaliation for engaging in protected activity, including protection from retaliation for opposing sex discrimination and/or retaliation.

80. Plaintiff engaged in protected activity when she opposed Mr. Picard's sexual harassment, discriminatory and/or retaliatory conduct directed towards her because of and/or on the basis of her sex.

81. Plaintiff had good faith basis to believe her conduct was protected activity.

82. Based upon her complaints to Larry Purlee, former president for Defendants Granite, and Denise McClanahan, Defendants' Vice President, Defendants Granite knew that Plaintiff opposed the sexual harassment, discriminatory and/or retaliatory conduct directed towards her because of and/or on the basis of her sex.

83. In response to Plaintiff's opposition, Defendants Granite retaliated against Plaintiff by subjecting her to several adverse employment actions, including but not limited to subjecting her to a hostile work environment and terminating her employment.

84. As a result, Defendants Granite violated 42 U.S.C. 2000e, *et seq*, which prohibits retaliation against employees for complaining about or opposing unlawful sexual discrimination and/or retaliation.

85. As a direct and proximate result of Defendants Granite's retaliation, Plaintiff continues to incur damages and expenses, including but not limited to loss of income, benefits and other compensatory damages.

86. Each and every retaliatory action and omission complained of herein was intentional, motivated by malice and ill will and/or done with reckless disregard of Plaintiff's rights, thereby entitling Plaintiff to recover punitive damages and attorney fees.

## COUNT V
## RETALIATION IN VIOLATION OF
## OHIO REVISED CODE CHAPER 4112

87. Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as if fully rewritten herein.

88. Pursuant to R.C. §§ 4112.02(I) and 4112.99, Plaintiff is entitled to protection from retaliation for opposing unlawful discriminatory practices.

89. Plaintiff engaged in protected activity when she opposed Mr. Picard's sexual harassment, discriminatory and/or retaliatory conduct directed towards her because of and/or on the basis of her sex.

90. Plaintiff had good faith basis to believe her conduct was protected activity.

91. Based upon her complaints to Larry Purlee, former president for Defendants Granite, and Denise McClanahan, Defendants Granite's Vice President, Defendants Granite knew that Plaintiff opposed the sexual harassment, discriminatory and/or retaliatory conduct directed towards her because of and/or on the basis of her sex.

92. In response to Plaintiff's opposition, Defendants Granite retaliated against Plaintiff by subjecting her to several adverse employment actions, including but not limited to subjecting her to a hostile work environment and terminating her employment.

93. As a result, Defendants Granite violated Ohio Revised Code Chapter 4112, which prohibits retaliation against employees for complaining about or opposing unlawful sexual discrimination and/or retaliation.

94. As a direct and proximate result of Defendants Granite's retaliation, Plaintiff continues to incur damages and expenses, including but not limited to loss of income, benefits and other compensatory damages.

95. Each and every retaliatory action and omission complained of herein was intentional, motivated by malice and ill will and/or done with reckless disregard of Plaintiff's rights, thereby entitling Plaintiff to recover punitive damages and attorney fees.

**WHEREFORE**, Plaintiff demands judgment against Defendants Granite as follows:

**Count 1** – <u>Sex Discrimination in Violation of Title VII of the Civil Rights Act of 1964.</u> Reinstatement or front pay from the conclusion of the trial in this matter, back pay, compensatory damages in an amount yet to be determined, but in excess of $250,000, punitive damages, interest, attorney fees, witness fees, costs, and any other relief this Court deems appropriate.

**Count 2** – <u>Sex Discrimination in Violation of Ohio Revised Code Chapter 4112.</u> Reinstatement or front pay from the conclusion of the trial in this matter, back pay, compensatory damages in an amount yet to be determined, but in excess of $250,000, punitive damages, interest, attorney fees, witness fees, costs, and any other relief this Court deems appropriate.

**Count 3** – <u>Sex Discrimination in Violation of 29 U.S.C. § 206(d).</u> Reinstatement or front pay from the conclusion of the trial in this matter, back pay, compensatory damages in an amount yet to be determined, but in excess of $250,000, punitive damages, interest, attorney fees, witness fees, costs, and any other relief this Court deems appropriate.

**Count 4** – <u>Retaliation in Violation of Title VII of the Civil Rights Act of 1964.</u> Reinstatement or front pay from the conclusion of the trial in this matter, back pay,

compensatory damages in an amount yet to be determined, but in excess of $250,000, punitive damages, interest, attorney fees, witness fees, costs, and any other relief this Court deems appropriate.

**Count 5** – <u>Retaliation in Violation of Ohio Revised Code Chapter 4112.</u> Reinstatement or front pay from the conclusion of the trial in this matter, back pay, compensatory damages in an amount yet to be determined, but in excess of $250,000, punitive damages, interest, attorney fees, witness fees, costs, and any other relief this Court deems appropriate.

As to all Counts, Plaintiff further seeks any and all such other and further relief this Honorable Court deems appropriate and just.

> Respectfully submitted,
>
> /s/ Judith E. Galeano
> Judith E. Galeano (0048366)(Trial Counsel)
> Mark C. Zronek (0095639)
> MOWERY YOUELL & GALEANO, LTD.
> 485 Metro Place South, Suite 220
> Dublin, Ohio 43017
> Telephone (614) 764-1444
> Facsimile (614) 760-8654
> Email: jgaleano@myglaw.com
> Email: mzronek@myglaw.com
> *Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff demands that a jury decide all claims in this Complaint.

> Respectfully submitted,
>
> /s/ Judith E. Galeano
> Judith E. Galeano (0048366)
> *Attorney for Plaintiff*